**Kareem Babatunde AGORO, Also Known as Babatundi Kareem Agoro, Petitioner,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

**No. 07–4687–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2008.

Andrew L. Friedman, New York, N.Y., for Petitioner.

P. Michael Truman, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, and DAVID G. TRAGER,* District Judge.

---

\* The Honorable David G. Trager, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Kareem Babatunde Agoro, a native and citizen of Nigeria, petitions from a September 27, 2007 decision of the Board of Immigration Appeals ("BIA") denying petitioner's motion to remand removal proceedings to the Immigration Judge to consider newly obtained evidence for a § 212(c) waiver. In the September 27, 2007 order, the BIA stated that it found "no error in [the IJ's] conclusion that the respondent is unworthy of the favorable exercise of discretion" under § 212(c). And furthermore, that "[t]he motion to remand is also denied. The evidence submitted with the motion does not overcome the other negative aspects of this case. In our view, although the Immigration Judge ("IJ") concluded that the respondent's equities outweighed the negative factors, his lack of candor and ongoing lack of respect for the laws of this country mitigate against the favorable exercise of discretion. Consequently, a remand to consider the court documents is not necessary." We assume the parties' familiarity with the procedural history, facts, and issues raised in this petition.

A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen.

The BIA has broad discretion to deny a motion to remand grounded on new evidence.... Furthermore, the BIA has held that it ordinarily will not grant such a motion unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case.

The BIA's discretion to deny such a motion is not unfettered, however. We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion, and will find such abuse if the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.

*Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156–157 (2d Cir.2005) (citations and internal quotation marks omitted). Here, the BIA clearly explained its reasons for denying the motion to remand. Specifically, that the new evidence did not overcome the negative aspects of the case, most importantly the petitioner's lack of candor at his immigration hearing and his ongoing lack of respect for the laws of the United States. The IJ's decision expresses the breadth of the IJ's concern about petitioner's dishonesty and lack of candor with the IJ throughout the hearing as well as the IJ's concern with the petitioner's criminal history. As the BIA clearly explained, the new evidence that petitioner has recently acquired is not nearly sufficient to "demonstrat[e] a likelihood that the new evidence presented would alter the result in the case." *Id.* at 156–157. Therefore, the BIA did not abuse its discretion in denying the motion to remand.

Accordingly, Agoro's petition for review of the BIA's denial of his motion to remand is DENIED.